1  Elizabeth A. Falcone CA Bar No. 219084
   elizabeth.falcone@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  The KOIN Center
   222 SW Columbia Street, Suite 1500
4  Portland, OR  97201
   Telephone:  503-552-2140
5  Facsimile:   503-224-4518

6  Robert Vorhees CA Bar No. 297936
   robert.vorhees@ogletree.com
7  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
8  Park Tower, Fifteenth Floor
   695 Town Center Drive
9  Costa Mesa, CA  92626
   Telephone:  714-800-7900
10 Facsimile:   714-754-1298

11 Attorneys for Defendant
   United Parcel Service, Inc.

12

13                  **UNITED STATES DISTRICT COURT**

14       **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

15

16 REBECCA ORR,                          Case No. 5:24-cv-00421 SSS (SPx)

17           Plaintiff,                  **DECLARATION OF KIMBERLEY
                                         GROSS IN SUPPORT OF
18      v.                               DEFENDANT UNITED PARCEL
                                         SERVICE, INC.'S MOTION TO
19 UNITED PARCEL SERVICE, INC., a        COMPEL ARBITRATION**
   corporation; and DOES 1-100,
20 inclusive,                            Date:          August 23, 2024
                                         Time:          2:00 p.m.
21         Defendants.                   Courtroom:  2

22

23                                       [Filed concurrently with Memorandum of
                                         Points and Authorities, Notice of Motion
24                                       to Compel Arbitration, Declaration of
                                         Robert R. Vorhees and [Proposed Order]]
25
                                         Complaint Filed: January 18, 2024
26                                       Trial Date:         None Set
                                         District Judge:    Hon. Sunshine Suzanne
27                                                           Sykes
                                         Magistrate Judge: Hon. Sheri Pym
28

DECLARATION OF KIMBERLEY GROSS IN SUPPORT OF DEFENDANT
UNITED PARCEL SERVICE, INC.'S MOTION TO COMPEL ARBITRATION

1

## DECLARATION OF KIMBERLEY GROSS

2      I, Kimberley Gross, declare as follows:

3      1.    I am currently a Human Resources Technology & Systems Support

4  Manager for Defendant United Parcel Service, Inc. ("UPS"). I have held this position

5  for approximately 1 year.  In my role, I manage the team responsible for maintaining

6  UPS's Human Resources hourly applicant tracking system, called Fountain. My

7  previous position was Human Resources Technology and Systems Support Supervisor

8  and I held that role from April 2020. In my current role, I have access to the documents

9  stored on Fountain. I have personal knowledge of the matters set forth in this

10  declaration and, if called as witness, could and would testify truthfully and

11  competently thereto.

12      2.    UPS's Fountain records show that Plaintiff Rebecca Orr ("Orr") applied

13  for a Seasonal Support Driver position on November 11, 2023, through UPS's online

14  application portal called upsjobs.com.  Through the portal, Orr provided her contact

15  information, including her name, phone number, and zip code, and personal

16  information, such as her date of birth.

17      3.    As part of the application process, Orr was presented with a number of

18  documents.  One of those documents was an electronic version of the "Arbitration

19  Agreement."

20      4.    On November 11, 2023, Orr electronically agreed to the "Arbitration

21  Agreement." To do so, Orr checked a box that stated "I agree" that appeared just under

22  the Arbitration Agreement.

23      5.    Attached as Exhibit A is a true and correct copy of the "Arbitration

24  Agreement" electronically agreed to by Orr.

25      6.    Based on UPS's personnel records and information provided by Orr as

26  part of her onboarding, Orr was over 18 years of age as of November 11, 2023.

27

28

1

2          7.     UPS is a package delivery company that operates in over 200 countries

3   and territories.

4          I declare under the penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct.

6          Executed on this 17th day of July 2024, at Atlanta, Georgia.

7

8                                            Kimberley Gross

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KIMBERLEY GROSS IN SUPPORT OF DEFENDANT
UNITED PARCEL SERVICE, INC.'S MOTION TO COMPEL ARBITRATION

# EXHIBIT A

Data collection date: 11/11/2023

## Rebecca Orr

beccastargirl@gmail.com

+1909-999-1076

I agree to and accept the Arbitration Agreement. I also agree that my electronic signature is the legally binding equivalent to my handwritten signature.

ARBITRATION AGREEMENT / SEASONAL HIRING AGREEMENT 1. How This Agreement Applies. This Arbitration Agreement / Seasonal Hiring Agreement ("Agreement") is a contract governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and evidences a transaction involving commerce. This Agreement is between United Parcel Service, Inc. or one of its affiliates, subsidiaries, or parent companies (the "Company") and Employee (sometimes also referred to as "you" or "your"). This Agreement is intended to be as broad as legally permissible, and, except as set forth in Section 2 of this Agreement below, it applies to all claims or controversies, past, present, or future, that otherwise would be resolved in a court of law or before a forum other than arbitration, including, without limitation, disputes arising out of or related to Employee's application and selection for employment, employment or relationship with the Company, and/or the termination of employment with the Company. Except as provided in Section 2 of this Agreement, this Agreement applies to any dispute, past, present, or future, that the Company may have against you or that you may have against: (1) Company; (2) its officers, directors, principals, shareholders, members, owners, employees, or agents; (3) Company's benefit plans or the plan's sponsors, fiduciaries, administrators, affiliates, or agents; and (4) all successors and assigns of any of them. Each and all of the entities or individuals listed in (1) through (4) of the preceding sentence can enforce this Agreement. All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of court or jury trial. Except as set forth in Section 2 below, this Agreement applies to disputes arising out of or relating to the application for employment, background checks, privacy, employment relationship, or the termination of that relationship (including post-employment defamation or retaliation), trade secrets, seating, unfair competition, compensation, classification, minimum wage, expense reimbursement, overtime, meal breaks and rest periods, retaliation, discrimination, or harassment (with the exception noted below in Section 2(iii) for sexual harassment and sexual assault claims covered under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act), and claims or disputes which could be asserted or arise under the Fair Credit Reporting Act, Defend Trade Secrets Act, Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, Civil Rights Act of 1991, 8 U.S.C. § 1324b (unfair immigration related practices), 41 U.S.C. § 4712, Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Occupational Safety and Health Act, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Consolidated Omnibus Budget Reconciliation Act of 1985, the False Claims Act, and state statutes or regulations, if any, addressing the same or similar subject matters, and any claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance. Additionally, the Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability, or waiver of this Agreement, including, but not limited to any claim that all or any part of this Agreement is void or voidable. However, the preceding sentence does not apply to any claims under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, and it will not apply to the Class Action Waiver, Collective Action Waiver, and/or PAGA Individual Action Requirement. Regardless of anything else in this Agreement and/or any rules or procedures that might otherwise apply because of this Agreement (including without limitation the American Arbitration Association Rules discussed below) or any amendments and/or modifications to those rules, any disputes concerning the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act and/or any claim that all or any portion of the Class Action Waiver, Collective Action Waiver, and/or PAGA Individual Action Requirement is invalid, unenforceable, unconscionable, void or voidable, will be determined only by a court of competent jurisdiction and not by an arbitrator. 2. Limitations on How This Agreement Applies. The following claims are not covered under this Agreement: (i) Workers' compensation benefits, state disability insurance benefits or unemployment insurance benefits; however, the Agreement applies to discrimination or retaliation claims based upon seeking such benefits; (ii) disputes that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; (iii) disputes that may not be subject to pre-dispute arbitration agreement under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (at Employee's election); and (iv) claims that are not subject to predispute arbitration agreement as provided by the Sarbanes Oxley Act, 18 U.S.C. § 1514. If any arbitrable claims are combined with claims not covered above, those arbitrable claims will proceed in arbitration under the terms of this Agreement. This Agreement also does not cover any dispute or claim relating to employment which is subject to resolution through the grievance and arbitration procedure contained in any applicable collective bargaining agreement. Nothing in this Agreement permits you or the Company to invoke this Agreement to resolve a dispute which is properly a grievance under any applicable collective bargaining agreement, or prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment

Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, Securities and Exchange Commission, Occupational Safety and Health Administration, or law enforcement authorities. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in arbitration. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under the National Labor Relations Act. This Agreement also does not prevent or prohibit you from reporting, communicating about, or disclosing claims for discrimination, harassment, retaliation, or sexual abuse. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy in accordance with applicable law, and any such application shall not be deemed incompatible with or waiver of this Agreement. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making its ruling, but only to the extent permitted by applicable law. All determinations of final relief, however, will be decided in arbitration. 3. Arbitration Procedures and Selection. Unless you and the Company mutually agree otherwise, the Arbitrator shall be an attorney experienced in arbitrating employment law disputes and licensed to practice law in the state in which the arbitration is convened or a retired federal or state judicial officer from any jurisdiction. The location of the arbitration proceeding shall be in the county and in the same state where you last worked for the Company, unless each party to the arbitration agrees in writing otherwise. You and the Company will mutually select the neutral Arbitrator, who shall make disclosures to both parties. If the parties cannot mutually select an arbitrator through good faith and informal communications, the parties will each submit a list of 5 proposed arbitrators to the other side for consideration. If the parties still cannot mutually agree to an Arbitrator, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement, will be under the then-current AAA Employment Arbitration Rules ("AAA Rules") (the AAA Rules are available through Human Resources or via the internet at www.adr.org/employment or by using a service such as www.google.com to search for "AAA Employment Arbitration Rules"); provided however, that if there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern. If the parties cannot mutually agree to an Arbitrator, the Arbitrator will be selected as follows: The AAA will give each party a list of nine (9) arbitrators (who are subject to the qualifications listed above) drawn from its panel of arbitrators. Each party will have ten (10) calendar days to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual will be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties will strike names alternately from the list of common names by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one remains. If no common name remains on the lists of all parties, the AAA will furnish an additional list of nine (9) arbitrators from which the parties will strike alternately by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one name remains. That person will be designated as the Arbitrator. If the individual selected cannot serve, AAA will issue another list of nine (9) arbitrators and repeat the alternate striking selection process. If for any reason the AAA will not administer the arbitration, or is unwilling to administer the arbitration consistent with this Agreement, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator, who shall act under this Agreement with the same force and effect as if he or she had been specifically named herein. The Arbitrator may award any remedy to which a party is entitled under applicable law, but remedies will be limited to those that would be available to a party in his or her individual capacity for the claims presented to the Arbitrator, and no remedies that otherwise would be available to an individual under applicable law will be forfeited. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. Either party may file dispositive motions, including without limitation a motion to dismiss and/or a motion for summary judgment, and the Arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure. 4. Starting the Arbitration. The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first-class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the UPS Service of Process Manager, Building 3, Floor 4, 55 Glenlake Parkway, NE, Atlanta, GA 30328. You will be given notice of any demand for arbitration by the Company at the last home address you provided to the Company. The demand for arbitration must be signed by the party making the demand for arbitration (by you personally or by an authorized representative of the Company). The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. 5. Class and Collective Action Waivers. The Company and you agree to bring any claim on an individual basis and not on a class and/or collective action basis. Accordingly, (a) There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class action and the Arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver"). The Class Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction—not in arbitration. (b) There will be no right or authority for any dispute to be brought, heard, or arbitrated as a collective action and the Arbitrator will have no authority to hear or preside over any such claim ("Collective Action Waiver"). The Collective Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction—not in arbitration. 6. Private Attorneys General Act ("PAGA") Individual Action

Requirement: You and the Company agree to arbitrate PAGA claims on an individual basis only. Therefore, any claim by you under PAGA to recover for unpaid wages, civil penalties, or other individual relief must be arbitrated under this Agreement. You and the Company also agree and stipulate that any non-individual PAGA claims shall be stayed in the trial court, pending a final determination and written decision by the Arbitrator in arbitration with respect to your alleged status as an "aggrieved employee," and you and the Company agree that the Arbitrator, and not the court, will make this determination. The Arbitrator is without authority to preside over any PAGA claim by you on behalf of any other person or joined by or consolidated with another person's or entity's PAGA claim. This PAGA Individual Action Requirement clause will be severable from this Agreement if there is a final judicial determination that it is invalid, unenforceable, unconscionable, void or voidable. In such case, the PAGA action must be litigated in a civil court of competent jurisdiction—not in arbitration—but the portion of the PAGA Individual Action Requirement that is enforceable shall be enforced in arbitration. 7. Discovery and Subpoenas. You and the Company are entitled to adequate civil discovery sufficient to explore the factual basis of the claims and defenses asserted. Accordingly, each party may take the deposition of 3 individual fact witnesses and any expert witness designated by another party. Each party also may propound requests for production of documents and 10 interrogatory requests to the other party. And, each party may also subpoena witnesses and documents for discovery or the arbitration hearing, including testimony and documents relevant to the case from third parties, in accordance with any applicable state or federal law. Additional discovery may be conducted by mutual stipulation, and the Arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests, based on the arbitrator's determination whether additional discovery is warranted by the circumstances of a particular case. The Arbitrator will have exclusive authority to resolve discovery disputes. 8. Paying for the Arbitration. You and the Company shall follow the mutually chosen Arbitrator's or AAA Rules (if the parties cannot mutually select an arbitrator) applicable to initial filing fees, but in no event will you be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. After you pay your portion of any initial filing fee, the Company shall pay any remaining portion of the initial fee and also will pay all costs and expenses unique to arbitration, including without limitation the Arbitrator's fees. Each party will pay for its own costs and attorneys' fees, if any, but if any party prevails on a claim which affords the prevailing party attorneys' fees, the Arbitrator is authorized to award reasonable fees to the prevailing party as provided by law. The Arbitrator will resolve any disputes regarding costs/fees associated with arbitration. 9. The Arbitration Hearing and Award. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. 10. Non-Retaliation. It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Company's UPS Ethics Hotline at 1-800-220-4126. 11. Enforcement of This Agreement. This Agreement is the full and complete agreement about arbitration of disputes covered by this Agreement. Any contractual disclaimers the Company has in any handbooks, other agreements, or policies do not apply to this Agreement. If the FAA does not apply to a particular dispute or to one or both parties, the parties agree that the Ohio Arbitration Act ("OAA"), Ohio R.C. Ch. § 2711.01 et seq., will apply and they acknowledge that United Parcel Service, Inc. is an Ohio corporation. If neither the FAA or OAA apply, the parties stipulate and agree the arbitration law of the jurisdiction where the arbitration will take place will apply. This Agreement will survive the termination of your employment and the expiration of any benefit, and it will continue to apply upon your transfer to any parent, subsidiary or affiliate of the Company or re-employment by the Company if your employment is ended but later renewed. Subject to Sections 5 and 6 above (which include their own severability provisions), in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. However, under no circumstances may the Arbitrator hear or preside over any class, collective, or other claim joined by or consolidated with another person's or entity's claim, unless all parties agree in writing. This Agreement does not alter the "at-will" status of your employment. 12. Seasonal Hire. If the Employee is hired for a position denoted as "seasonal," and/or the Employee is hired during a "peak" season period as defined in any applicable collective bargaining agreement, you acknowledge that your employment is temporary, that you have no guarantee of full-time or part-time employment with UPS, and that your employment may be terminated at the end of the seasonal period (for "peak" season hires, on or before the last day of January in the year following your hire). You further acknowledge that, as a seasonal hire, you are an at-will employee, and, as such, your employment may be discontinued at any time. BY CLICKING ON THE "I AGREE" BOX OR USING ANY OTHER METHOD TO ACCEPT THIS AGREEMENT BY ELECTRONIC MEANS (BELOW OR ON A SEPARATE SCREEN), YOU ARE PROVIDING YOUR "ELECTRONIC SIGNATURE" AND YOU ARE ACKNOWLEDGING THAT YOU HAVE READ, REVIEWED, AND AGREED TO THIS AGREEMENT. YOU ALSO AUTHORIZE THE USE OF AN ELECTRONIC SIGNATURE AS YOUR ACCEPTANCE TO THIS AGREEMENT, AND UNDERSTAND AND ACKNOWLEDGE THAT YOUR ELECTRONIC SIGNATURE IS INTENDED TO SHOW YOUR ACCEPTANCE AND IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE. By issuance of this Agreement, the Company agrees to be bound by its terms without any requirement to sign this Agreement. AGREED: United Parcel Service, Inc., on its behalf and on behalf of the Company.

**Arbitration**
I agree

**PROOF OF SERVICE**
*Rebecca Orr v. United Parcel Service, Inc., et al.*
Case No. 5:24-cv-00421 SSS (SPx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On July 26, 2024, I served the following document(s):

**DECLARATION OF KIMBERLEY GROSS IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO COMPEL ARBITRATION**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

3

DECLARATION OF KIMBERLEY GROSS IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO COMPEL ARBITRATION

1  ☒  **BY CM/ECF:** With the Clerk of the United States District Court of California,
2     using the CM/ECF System. The Court's CM/ECF System will send an e-mail
      notification of the foregoing filing to the parties and counsel of record who are
3     registered with the Court's CM/ECF System.

   ☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order
4     or an agreement of the parties to accept service by e-mail or electronic
5     transmission, I caused the documents to be sent to the person(s) at the e-mail
      addresses listed on the attached service list. I did not receive, within a reasonable
      time after the transmission, any electronic message or other indication that the
6     transmission was unsuccessful.

7  ☒  **(Federal)**      I declare that I am employed in the office of a member of the State
8                        Bar of this Court at whose direction the service was made.
                         I declare under penalty of perjury under the laws of the United
9                        States of America that the above is true and correct.

   ☐  **(Federal)**      I declare that I am a **member** of the State Bar of this Court at whose
10                       direction the service was made. I declare under penalty of perjury
11                       under the laws of the United States of America that the above is
                         true and correct.

12        I declare under penalty of perjury under the laws of the United States of America
13   that the above is true and correct.

14        Executed on July 26, 2024, at Costa Mesa, California.

15                                              */s/ Susan Susebach*
16                                              Susan Susebach

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

3    Robert J. Wassermann, Esq.              Attorneys for Plaintiff
     Jenny D. Baysinger, Esq.                Rebecca Orr
4    Vladimir J. Kozina, Esq.
     MAYALL HURLEY P.C.
5    112 S. Church St.
     Lodi, CA  95240
6    Telephone:  209-477-3833
     rwassermann@mayallaw.com
7    jbaysinger@mayallaw.com
     vjkozina@mayallaw.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KIMBERLEY GROSS IN SUPPORT OF DEFENDANT
UNITED PARCEL SERVICE, INC.'S MOTION TO COMPEL ARBITRATION